861 F.2d 303
 274 U.S.App.D.C. 70
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
NATIONAL CLEARINGHOUSE FOR LEGAL SERVICES, INC.
v.
LEGAL SERVICES CORPORATION.
 No. 88-7027.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 21, 1988.
 
 Before RUTH B. GINSBURG and SILBERMAN, Circuit Judges, and MILTON POLLACK,* United States Senior District Judge.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal was considered on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel. Upon full review of the issues presented, the court has determined that no further opinion is warranted. See D.C.Cir.R. 14(c). Substantially for the reasons presented by the district court in its published opinion, 674 F.Supp. 37 (D.D.C.1987), and as stated in the accompanying memorandum, we conclude that Legal Services Corporation was not endeavoring to recover funds it had already paid out, but had indicated adequately a specific policy, susceptible of general application, concerning allocation of the Corporation's funds. There being no showing that the policy was pretextual or applied unfairly, it is
 
 
 2
 ORDERED and ADJUDGED that the judgment from which this appeal has been taken be affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15(b)(2).
 
 MEMORANDUM
 
 4
 The record adequately supports the district court's determination that the Legal Services Corporation acted in pursuit of a valid "funding policy," see 45 C.F.R. 1625.3(a), when it decreased appellant National Clearinghouse for Legal Services' grant for 1986. The Corporation, as the district court held, may reasonably take a recipient's fund balances into account when making refunding decisions, and appellant has not stated or proved that this case involves disparate treatment of the National Clearinghouse in relation to similarly situated grantees.
 
 
 5
 Furthermore, LSC's interpretation of another of its own regulations, 45 C.F.R. 1628, is a rational one. That regulation, as LSC reads it, is not the exclusive means by which the Corporation may take fund balances into account. Section 1628 establishes the procedure by which the Corporation must recover LSC-derived funds that contribute to fund balances. It states that "recipients will be permitted to maintain and re-program from year to year fund balances of no more than 10% of their annualized LSC support," 45 C.F.R. 1628.1(a), with a possible waiver up to a maximum of 25%. 45 C.F.R. 1628.1(b). The regulation does not state, however, that the remaining 10% or 25%, or accumulations not derived from LSC grants, are immune from consideration by LSC in other contexts. LSC argues persuasively that Section 1628 constitutes a floor, not a ceiling, on the Corporation's efforts to check recipients' accumulation of fund balances, and thereby rationally allocate LSC's limited resources. The Corporation, in other words, in adopting Section 1628, did not relinquish authority under Section 1625 to consider a recipient's fund balances, whatever their origin, when making refunding decisions.
 
 
 
 *
 Of the United States District Court for the Southern District of New York, sitting by designation pursuant to 28 U.S.C. Sec. 294(d)